(Decided 1st July, 1880.)

---

In the Matter of the Estate of NOAH WORTHINGTON, deceased. Ex parte JOSHUA F. C. WORTHINGTON and RICHARD J. GITTINGS, Administrators c. t. a.

Where letters *pendente lite* have been revoked by the grant of letters testamentary, or of administration, the safer and better practice is, for the succeeding administrator to give the notice to creditors prescribed by sec. 110, of Art. 93, of the Code, although such notice may have been given by the administrator *pendente lite*.

APPEAL from the Orphans' Court of Baltimore County.

Caveats having been filed in the Orphans' Court of Baltimore County to the will of Noah Worthington of John, offered for probate on the 5th day of February, 1879, administration *pendente lite*, upon the personal estate of the said Noah Worthington, deceased, was granted on the 18th of the same month, by the Orphans' Court to Richard J. Gittings and Fielder C. Slingluff. On the same day the administrators *pendente lite* were directed by

an order of the Orphans' Court to give the notice required
by law to the creditors of the said Noah Worthington,
deceased, to exhibit their claims against his estate.
Notice was accordingly given by publication in two county
papers, by the administrators *pendente lite.*

The litigation terminated, and the will dated the 8th of
January, 1879, was admitted to probate on the 17th of
March, 1880, about thirteen months after the granting of
the letters *pendente lite,* and after the expiration of the
time fixed for creditors to file their claims.

The administrators *pendente lite* made report to the
Orphans' Court, under oath, that the order directing
notice to be given to creditors had been complied with,
and the Court endorsed on said report their certificate
" that it had been proven to the satisfaction of the Court,
that notice to the creditors of Noah Worthington of John,
had been given as therein reported, and it is hereby
ordered that said report and this certificate be recorded
among the records of this Court." This report and
endorsement were made as prescribed by the Code of Pub-
lic General Laws, Art. 93, sec. 111.

After the will had been admitted to probate, letters of
administration, with the will annexed, were granted to
Joshua F. C. Worthington and Richard J. Gittings, on
the 23rd of March, 1880. These administrators, on the
30th of March, 1880, by petition applied to the Court for
an order directing notice by publication to creditors in
conformity with Art. 93, sec. 110, of Public General Laws.
The Court deeming the notice to creditors already given
by the administrators *pendente lite* sufficient, decided no
further notice was necessary, and that the administrators
might safely proceed to make distribution of the personal
estate of the testator, under said will, and they accord-
ingly dismissed the petition. From the order dismissing
the petition, the administrators appealed.

Ex parte, Worthington and Gittings.

The cause was submitted on brief to BARTOL, C. J., BOWIE, BRENT, GRASON, MILLER, ALVEY, ROBINSON and IRVING, J.

*Richard J. Gittings* and *Arthur W. Machen,* for the appellants.

ROBINSON, J., delivered the opinion of the Court.

Where letters *pendente lite* have been revoked by the grant of letters testamentary, or of administration, the safer and better practice is, we think, for the succeeding administrator to give the notice to creditors, prescribed by sec. 110, of Art. 93, of the Code, and this too, although such notice may have been given by the administrator *pendente lite.*

It is the duty of such administrator to collect and preserve the property pending the litigation, and although he may sell the same or part of it, to prevent loss or injury, or when it is necessary to pay debts, yet the law never contemplated that he should make a final settlement and distribution of the estate.

Now in this case, although it appears that notice to creditors was given by the administrators *pendente lite*, yet we think it safer that the administrators appointed after the will was admitted to probate should also give the notice prescribed by the Code.

The order of the Court below will therefore be reversed, and the case remanded.

*Order reversed, and*
*case remanded.*

(Decided 1st July, 1880.)